U.S. COURTS
04 MAR 26 PM 3: 52
RECD_____
GARRISON S. CLARKE
CLERK                IDAHO

*16186*

Howard A. Belodoff, ISB # 2290
Belodoff Law Office
1524 W. Hays Street, Suite 2
Boise, ID 83702
Tel/Fax (208) 331-3378

Maria Andrade. ISB # 6445
Andrade Law Office
623 W. Hays Street
Boise ID 83702
(208) 336-9197
Fax.(208) 345-0050

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO AIDS FOUNDATION, INC., )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>IDAHO HOUSING & FINANCE )<br>ASSOCIATION, an independent public )<br>body corporate and politic, GERALD M. )<br>HUNTER, JULIE H. WILLIAMS, and )<br>EARL COOK, in their individual capacities, )<br>)<br>Defendants. )<br>_____ ) | CASE NO. CIV 0 4 - 1 5 5 - S - BLW<br><br>**VERIFIED COMPLAINT<br>AND DEMAND FOR<br>JURY TRIAL** |

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1

COMES NOW the Plaintiff, Idaho AIDS Foundation, and for a cause of action against the Defendants, states and alleges as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff, Idaho AIDS Foundation, Inc. (hereinafter IAF), seeks compensatory and punitive damages and declaratory and injunctive relief against the Defendants, Idaho Housing and Finance Association (hereinafter IHFA) and the individually named Defendants (hereinafter IHFA), to redress, under color of state law, violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations, 24 C.F.R. Part 14, *et seq.*; Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 706(8)(B) and § 794; the Housing Opportunities for People With AIDS Act (hereinafter HOPWA), 42 U.S.C. § 12901, *et seq.*, and its implementing federal regulations, 24 C.F.R. Part 574; the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and its contractual rights. The Plaintiff seeks redress for the Defendants' discriminatory practices and policies, under color of state law, for the violations of civil rights protected by the United States Constitution and federal statutes and regulations. The Plaintiff seeks equitable relief to ensure the Defendants' compliance with the Fair Housing Act, Section 504 of the Rehabilitation Act, the HOPWA Act and regulations, the constitutional right of privacy, and regulations and the terms of the contract which provide for the provision of services to persons diagnosed with AIDS and their families to meet their need for housing and supportive services. Injunctive and declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the FEDERAL RULES OF CIVIL PROCEDURE.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 2

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, and 1343 (3) and (4) to hear actions to vindicate violations of the constitutional and federally protected civil rights of the Plaintiff under color of state law.  28 U.S.C. § 2201.

3.  This Court also has jurisdiction over the state law claims asserted herein pursuant to its Supplemental Jurisdiction powers authorized by 28 U.S.C. § 1367.

4.  This action is properly brought in this District under 28 U.S.C. § 131(b) in that it is in this District in which all of the Defendants reside and in which the Plaintiff's claims arose.

## PARTIES

5.  Plaintiff IAF is a nonprofit Idaho corporation whose purpose is to provide case management, medical, mental health and housing assistance and supportive services to meet the needs of persons diagnosed with acquired immunodeficiency syndrome (hereinafter AIDS) and their families under the HOPWA Act and regulations.  IAF contracted with the IHFA to provide housing assistance and supportive services to persons and their families under the HOPWA Act and regulations.

6.  Defendant IHFA was created pursuant to IDAHO CODE §§ 67-6201, *et seq.,* as an independent public body corporate and politic.  IHFA is the state grantee for HOPWA and receives the funds made available to the United States Department of Housing and Urban Development (hereinafter HUD) to the state of Idaho to provide housing assistance and supportive services to persons diagnosised with AIDS and their families.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

7. Defendant Gerald M. Hunter is the President and Executive Director of IHFA.

8. Defendant Julie H. Williams is the Vice President of Community Housing Services for the IHFA.

9. Defendant Earl Cook is the Grants Program Manager for the IHFA.

### STATUTORY AND REGULATORY ALLEGATIONS

10. In 1990, Congress created the Housing Opportunities For Persons with AIDS Act (HOPWA) to provide states and localities with the resources and incentives to devise long-term comprehensive strategies for meeting the housing and supportive service needs of persons with AIDS and the families of such persons. 42 U.S.C. § 12901.

11. The Secretary of HUD has promulgated federal regulations for administering the HOPWA grants. 24 C.F.R. Part 574.

12. HOPWA funds are distributed by the Secretary of HUD to states or any agency or instrumentality thereof, such as the IFHA, that is established pursuant to legislation. 42 U.S.C. § 12902(9). These grantees contract with project sponsors including nonprofit organizations, such an the IAF, to carry out funded activities. 42 U.S.C. § 12903(b).

13. HOPWA provides federal assistance to provide or contract to provide counseling, information, and referral services to assist HIV-infected low income persons to locate, acquire, finance, and maintain housing to meet their housing needs and to provide resource identification to identify, coordinate, and develop housing assistance resources. 42 U.S.C. § 12906(1) and (2).

14.   HOPWA also provides funding for short term supported housing and rental assistance services and supportive services including health, mental health assessment, permanent housing placement, drug and alcohol treatment and counseling, day care, nutritional services, and technical assistance for accessing benefits and services to homeless persons.  42 U.S.C. § 12907 (1) and (2).

15.   HOPWA grantees or project sponsors are required to provide each individual assisted under HOPWA with case management services.  42 U.S.C. § 12907(b)(6).

16.   HOPWA grantees or project sponsors are required to provide rental assistance and other supportive services designed to prevent homelessness under 42 U.S.C. § 12908, 42 U.S.C. § 12904, and 24 C.F.R. 574.300.

17.   IHFA, as a grantee of HOPWA funds, has to ensure that IAF, as a "project sponsor agrees to ensure the confidentiality of the name of any individual assisted . . . and any other information regarding individuals receiving assistance." 24 C.F.R. § 574.440 and 42 U.S.C. § 12905(e).

18.   IHFA, as a grantee of HOPWA funds, has to agree to ensure that IAF, as a "project sponsor agrees, to maintain and make available to HUD for inspection financial records, sufficient in HUD's determination, to ensure proper accounting and disbursing of amounts received from a grantee under this part." 24 C.F.R. § 574.450.

19.   All persons receiving HOPWA benefits and services are protected against discriminatory practices and policies under the civil rights acts set forth in 24 C.F.R. Part 5

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5

including, but not limited to, the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations at 24 C.F.R. Part 100, *et seq.*

20.   IHFA applied for and received a grant of HOPWA funds from HUD in April 2000.

21.   On November 9, 2000, IHFA entered into a twelve (12) month contract for $45,483.00 with IAF, effective July 1, 2000, with an option to renew for two (2) years. The contract provided for IAF to create a continuum of care by linking rental assistance with supportive services to more effectively assist low income persons and their families who have been diagnosised AIDS and related diseases.

22.   The contract provided that IAF would receive HOPWA funds for dental and psychiatric services and administrative costs.

23.   On October 24, 2000, IHFA entered into a twelve (12) months contract for $62,010.00 with IAF, effective on July 1, 2000, with an option to renew for two (2) years, to provide case management, transportation, emergency assistance, housing information services, collection of information and referral data, and administrative costs.

24.   In July 2001, IHFA renewed the two (2) contracts with IAF for twelve (12) months to provide the same services provided for in the previous contracts for $42,520 and $58,296 respectively.

25.   The contracts' Award Terms provided that expenditures and payments would be made on a reimbursement basis in accordance with the contracts' Special Conditions.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6

26.   Paragraph 13 of the Special Conditions section of both contracts provided that IAF would "provide information (excluding information categorized as confidential by law) for any national or state evaluation conducted by HUD or IHFA."

27.   IAF submitted the appropriate financial and supportive documentation seeking reimbursement for HOPWA client services as required by the contracts. IHFA, for the first time, indicated that IAF should have clients sign a release, letting them know that HUD or IFHA will have access to their confidential documents and information.

28.   IFHA required that IAF obtain releases to allow IFHA and HUD to have full, unrestricted access to client files for services rendered after October 4, 2001 before reimbursing IAF for HOPWA benefits and services provided to clients.

29.   IAF has agreed to and has provided IHFA access to their financial records.

30.   IAF has agreed to and has provided IHFA, upon request, reasonable access to client records which have been redacted to exclude the name of the client, but includes their AIDS diagnosis, income eligibility, and billing documentation showing visits, times and dates, and services rendered.

31.   IAF agreed to provide the requested documentation and permitted review of redacted files for reimbursement of services provided to HOPWA clients, except for client documentation and information which was confidential under federal law.

32.   On or about April 1, 2002, IAF received a letter from Defendant Williams which stated that IHFA, as advised by HUD, would make no further payments to IAF for HOPWA

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 7

38.   The release that IHFA wants clients to sign is not necessary to review and monitor IAF's grant activities or performance and is not required by federal regulations.

39.   The IHFA and HUD have not provided any assurance that the documentation and confidential information they seek to be disclosed would be protected from disclosure to unauthorized persons or would be otherwise kept safe and confidential or not used for other purposes.

40.   The medical, psychological, and mental health records of persons diagnosed with AIDS is confidential.

41.   Persons diagnosed with AIDS have a disability and are handicapped under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations, 24 C.F.R. Part 14, *et seq.*; Section 504 of the Rehabilitation Act of 1983.

42.   Persons diagnosed with AIDS and their families may suffer stigma and harm should their confidential case management, psychological, medical, and mental health records be disclosed or not protected from unauthorized disclosure.

43.   Persons with AIDS and their families may be discouraged, deterred, or prevented from applying for HOPWA housing and supportive services if IHFA's release is a condition of eligibility.

44.   IFHA does not require persons who are not disabled or handicapped to sign a release requiring disclosure of confidential documents and information including, but not limited to, case management, medical, psychological, and mental health records to be eligible

benefits and services which could not be verified by reviewing confidential client information.

33.    The IHFA has required IAF to obtain a signed release of information from HOPWA applicants and their non-applicant families for housing and supportive services as a condition of eligibility for HOPWA benefits and services.

34.    IHFA has required IAF to deny HOPWA benefits and services to all persons and families even when the applicant has an AIDS diagnosis and meets the other income and service eligibility requirements.

35.    IHFA, as the HOPWA grantee, asserts it is the duly authorized representative of HUD and is entitled to unrestricted access under federal regulations, including 24 C.F.R. § 84.21(a)(7), 24 C.F.R. § 84.53, and 24 C.F.R. § 85.40(a) to confidential documents and information to evaluate the needs of such persons, to prepare reports to the state and federal government, and allow the IHFA and HUD access to their files for monitoring purposes. *See* Exhibits A and B attached and incorporated by reference.

36.    IHFA has required IAF to obtain a release of information to allow IHFA and HUD access to confidential documents and information including, but not limited to case management, medical, psychological, case management, and mental health services.

37.    The type and nature of documentation and information which is covered by the release IHFA wants IAF to obtain from their clients so it can review and monitor the services provided is intrusive and is of an extremely private and personal nature.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 8

and to receive benefits and services provided by programs and services that IHFA administers or provides.

45.   IFHA does not require other recipients of housing and supportive services grants it makes available to obtain releases for confidential documents and information concerning case management, medical, psychological, and mental health records requested for applicants of HOPWA benefits and services.

46.   IHFA has no expertise in providing oversight of the level or intensity of medical care or case management provided by IAF and third party providers under the HOPWA contracts with IAF.

47.   IHFA had previously been informed and given case law holding that requiring their release of confidential records as a condition of eligibility for HOPWA benefits and services would violate the Fair Housing Act and Section 504 of the Rehabilitation Act of 1983.

48.   On May 15, 2002, Defendant Cook wrote a letter to Ms. Judith Keeler, Director, Office of Fair Housing and Equal Opportunity at the Seattle, Washington office of HUD, concerning fair housing issues related to IHFA's administration of the HOPWA program in Idaho and their requirement of obtaining a release for confidential documents and information as a condition of eligibility to receive HOPWA benefits and services.

49.   On July 26, 2002, Defendant Cook received a letter replying to his May 15, 2002 letter as part of their technical assistance to IHFA.  *See* Exhibit C attached and incorporated by reference. Ms. Keeler wrote:

To the extent that the Release is used only for persons with disabilities or persons who are served under the HOPWA program, and discourages them from applying for housing and related services, it may be perceived as discriminatory. Additionally, if eligibility or income verification procedures for other programs that serve non-disabled persons do not ask for information that is as intrusive as the information contained in this Release (e.g., case management notes to support a medical expense claimed by a public housing resident during recertification or source documents verifying the age of an applicant for senior housing), an argument can be made that the IHFA is discriminating against persons with disabilities.

50. As a result of IAF's refusal to request and obtain releases from their clients who would otherwise be eligible for HOPWA benefits and services, IHFA has withheld reimbursement of all services IAF has provided to them.

51. IHFA terminated IAF's contracts to provide HOPWA benefits and services on June 24, 2002 without cause and prior notice and an opportunity to contest the termination.

52. The Defendants' conduct described above was knowing, deliberate, intentional, wilful, malicious, and taken in disregard for the legal rights of the Plaintiff protected under federal law.

53. The Plaintiff has no adequate remedy at law for the irreparable harm for the past and continuing discriminatory conduct and loss as a result of the Defendants' unlawful actions.

## FIRST CLAIM FOR RELIEF

## FAIR HOUSING

54. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 53, above.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 11

55.   Defendants, through their actions, have discriminated in the rental, or otherwise made unavailable or denied, dwellings to renters because of handicap, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a).

56.   Defendants, through their actions, have discriminated against persons in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(b).

57.   Defendants, through their actions, have discriminated against persons with a handicap or persons associated with such persons, by making an inquiry into the nature and severity of a handicap of such persons in violation of 24 C.F.R. § 100.202(c).

58.   Defendants, through their conduct, have unlawfully coerced, intimidated, threatened, or interfered with Plaintiff on account of having aided or encouraged other persons in the exercise or enjoyment of the rights granted or protected by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

SECOND CLAIM FOR RELIEF

§ 504 of the REHABILITATION ACT OF 1973

59.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 58, above.

60.   Defendants have discriminated against disabled persons by excluding them from participation in or denied benefits under a program or activity receiving federal financial assistance.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 12

## THIRD CLAIM FOR RELIEF

## HOPWA STATUTES AND REGULATIONS

61.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 60, above.

62.   Defendants' policy and practice of requiring as a condition of eligibility for receiving HOPWA benefits and services and the reimbursement of such benefits and services, the signing of a release for the disclosure of confidential information violates 42 U.S.C. §§ 12901, *et seq.*, and 24 C.F.R Part 574.

## FOURTH CLAIM FOR RELIEF

## PRIVACY

63.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 62, above.

64.   Defendants have no proper governmental interest or justification in seeking or requiring the disclosure of confidential documents and information and personal matters, including, but not limited to, case management, medical, psychological, and mental health records, which outweighs the privacy interests involved.

65.   The Defendants' demands and requirements for the disclosure of confidential documents and information and personal matters violates the right to informational privacy protected by the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

## DUE PROCESS

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 13

66.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 65, above.

67.   IAF's contracts with IHFA cannot be terminated without their consent unless IAF materially failed to comply with the terms and conditions.

68.   IAF, at all times, complied with the terms and conditions of the contracts with IHFA as required by federal law.

69.   The Plaintiff's contracts with the Defendants were for employment services and to provide housing and supportive services to persons who are qualified for HOPWA benefits and services under federal law.

70.   The IAF's contracts with IHFA created a constitutionally protected property interest subject to procedural due process protection.

71.   IHFA's termination of the IAF contracts to provide HOPWA programs and services to persons diagnosed with AIDS and their families without prior notice or an opportunity to be heard violates due process under the Fourteenth Amendment to the United States Constitution.

SIXTH CLAIM FOR RELIEF

BREACH OF CONTRACT

72.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 71, above.

73.   The conduct of the IHFA, the refusal to reimburse IAF for services provided under the contracts, and the termination of the contracts constitutes a breach of contract.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 14

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for Judgment as follows:

1.  Assume jurisdiction of this case.

2.  That the Court declare that the Defendants' conduct discriminated against handicapped persons because of their disability in violation of the Fair Housing Act and § 504 of the Rehabilitation Act.

3.  That the Court declare that the Defendants violated the HOPWA statutes and regulations and the constitutional rights of privacy and due process under the Fifth and Fourteenth Amendments to the United States Constitution.

4.  That the Court declare that the Defendants breached their contracts with the Plaintiff.

5.  That the Court issue an injunction preliminarily and permanently enjoining the Defendants from continuing to discriminate against handicapped persons because of their disability, including using a release to obtain confidential documents and information and directing the Defendants to implement court-approved policies and procedures designed to prevent such unlawful practices and violations of law in the future and training IHFA and all staff in the requirements of the Fair Housing Act.

6.  Compensatory and punitive damages to be proven at trial.

7.  Plaintiff's costs and attorney's fees.

8.  Such other and further relief as to the Court appears just and equitable.

DATED this _26th_ day of __March__, 2004.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 15

Howard A. Belodoff
Attorney for Plaintiff

Maria Andrade
Attorney for Plaintiff

STATE OF IDAHO )
                          : ss.
County of Ada         )

MARK WELCH being first duly sworn on oath, deposes and says:

That he is the Executive Director of Plaintiff Idaho AIDS Foundation in the above matter, has read the foregoing document, knows the contents thereof and believes the same to be true and correct.

DATED this 26 day of MARCH , 2004.

Plaintiff, By Mark Welch

STATE OF IDAHO )
                          : ss.
County of Ada         )

On the 26 day of March , 2004, before me, the undersigned Notary Public, personally appeared Mark Welch known to me to be the person whose name is subscribed to the foregoing instrument, and she acknowledged to me that she executed the same.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - Page 16

IN WITNESS WHEREOF, I have set my hand and seal the day and year as above
written.

Notary Public for Idaho
Residing at _Bois Id.bo_
Commission Expires: _8/10/2005_



# OFFICIAL IHFA APPLICANT INFORMATION AND AUTHORIZATION

First Name _____    Middle Initial _____    Last Name _____

Social Security # _____    Date of Intake _____

Address _____    City, State, Zip _____

Home Phone _____    Work Phone _____

Cell Phone _____    Emergency Contact Phone _____

Date of Birth _____    Sex    Male ☐    Female ☐    Race _____

Confidential I.D.# (must be identical to the # on the Client Billing Sheet): _____

**Persons receiving housing assistance and/or supportive services under 24 CFR 574 (the HOPWA program) and contracted HOPWA service providers must make all relevant files, including client files, and all application information available to IHFA and HUD. Failure to make information available may result in immediate termination of services to clients and may result in contract termination to service providers. By signing this acknowledgement, you give IHFA and HUD access to all information regarding services provided under 24 CFR 574.**

<u>APPLICANT</u>–This Release authorizes _____ (the agency/organization listed below) to release information collected about me to Idaho Housing and Finance Association (IHFA) and the U.S. Department of Housing and Urban Development (HUD). I understand that this information is collected for persons seeking services under the Housing Opportunities for Persons with AIDS (HOPWA) Program. The released information may include, but is not limited to case management notes, billing statements, and notes from third-party mental health providers and dental providers that are maintained at the offices of this organization. This information may be used for the evaluation of needs of persons who are low-income and have contracted HIV-AIDS, and to prepare reports to State and Federal governments. This release will also allow IHFA and HUD access to my file in the course of regular on-site monitoring visits.

Signature of Release: _____    _____
                       Applicant                                   Date


<u>SERVICE PROVIDER</u>—This release gives IHFA and HUD access to any necessary information about the above-mentioned applicant. Information may include, but is not limited to case management notes, billing statements, and notes from third-party mental health providers and dental providers that are maintained at the offices of _____ (agency/organization). I understand that failure to provide requested information might result in immediate termination of client services and immediate termination of the service provider's contract.

Signature of Release: _____    _____
                       Authorized agency/organization official     Date


### KEEP COPY IN YOUR FILE AND SEND ORIGINAL TO:
### Rental Assistance Programs, 4th Floor
### Idaho Housing and Finance Association
### P.O. Box 7899
### Boise, ID  83707-1899

**EXHIBIT**

A

AHS-01(A)

# OFFICIAL IHFA CO-APPLICANT INFORMATION AND AUTHORIZATION

First Name _____ Middle Initial _____ Last Name _____

Social Security # _____ Co-applicant to (applicants name): _____

Address _____ City, State, Zip _____

Home Phone _____ Work Phone _____

Cell Phone _____ Emergency Contact Phone _____

Date of Birth _____ Sex Male ☐ Female ☐ Race _____

Confidential I.D.# (must be identical to the # on the Client Billing Sheet): _____

Persons receiving housing assistance and/or supportive services under 24 CFR 574 (the HOPWA program) and contracted HOPWA service providers must make all relevant files, including client files, and all application information available to IHFA and HUD. Failure to make information available may result in immediate termination of services to clients and may result in contract termination to service providers. By signing this acknowledgement, you give IHFA and HUD access to all information regarding services provided under 24 CFR 574.

CO-APPLICANT—This Release authorizes _____ (the agency/organization listed below) to release information collected about me to Idaho Housing and Finance Association (IHFA) and the U.S. Department of Housing and Urban Development (HUD). I understand that this information is collected for persons seeking services under the Housing Opportunities for Persons with AIDS (HOPWA) Program. The released information may include, but is not limited to case management notes, billing statements, and notes from third-party mental health providers and dental providers that are maintained at the offices of this organization. This information may be used for the evaluation of needs of persons who are low-income and have contracted HIV-AIDS, and to prepare reports to State and Federal governments. This release will also allow IHFA and HUD access to my file in the course of regular on-site monitoring visits.

Signature of Release: _____ _____
                              Co-Applicant                            Date

SERVICE PROVIDER—This release gives IHFA and HUD access to any necessary information about the above-mentioned applicant. Information may include, but is not limited to case management notes, billing statements, and notes from third-party mental health providers and dental providers that are maintained at the offices of _____ (agency/organization). I understand that failure to provide requested information might result in immediate termination of client services and immediate termination of the service provider's contract.

Signature of Release: _____ _____
                              Authorized agency/organization official        Date

### KEEP COPY IN YOUR FILE AND SEND ORIGINAL TO:
**Rental Assistance Programs, 4th Floor**
**Idaho Housing and Finance Association**
**P.O. Box 7899**
**Boise, ID 83707-1899**

**EXHIBIT**

B

AHS-01(B)



U.S. Department of Housing and Urban Development

Northwest/Alaska Area
Office of Fair Housing and Equal Opportunity
Seattle HUB
909 First Avenue, Suite 205
Seattle, WA 98104-1000

July 26, 2002

Mr. Earl M. Cook
Manager, Grant Programs
Idaho Housing and Finance Association
PO Box 7899
Boise, ID 83707-1899

Dear Mr. Cook:

This responds to your letter of May 15, 2002 requesting our technical assistance concerning issues that have been raised with respect to IHFA's administration of the HOPWA program in Idaho, and with other monitoring responsibilities of IHFA and possible conflicts with the requirements of the federal Fair Housing Act or other civil rights program responsibilities. Preliminarily, I want to apologize for my delay in responding to your letter, which was the result of a misunderstanding between myself and our office in Headquarters, with whom I have consulted in responding to your letter. Also, because of the interest, involvement, and correspondence from Mr. Ken Nagy on behalf of the Idaho Fair Housing Council on these issues, I am providing Mr. Nagy with a copy of this letter. Additionally, as you are aware, we do not make legal determinations concerning whether a policy or practice violates the Fair Housing Act or other civil rights statutes except in the context of a regulation or findings in a complaint or official review. Therefore, as always, you should regard this letter only as technical assistance, not as either an official policy interpretation of the Department.

Finally, I understand that recently your organization had a very successful meeting with the Idaho Fair Housing Council and others in which some decisions were made about the policies and practices that you raised in your letter. This letter is not intended to complicate, supersede, or otherwise intrude into your local process. To the extent that this letter has been overcome by events, please disregard it. However, because of the importance of the issues you have raised, and the continuing dialogue about them between your agency, the IFHC, and others, we are sharing with you this technical assistance.

It is our understanding that the HOPWA program administered by IHFA is multi-faceted. In addition to providing housing vouchers, the grant provides funds for housing counseling, case management, resource identification, and reimbursement of psychiatric and dental services by third party providers. These services are coordinated through the Idaho AIDS Foundation, a contractor of IHFA for the HOPWA program.

Based on previous correspondence provided to me by IHFA and by Mr. Nagy, the underlying issue concerning IHFA's operation of the HOPWA program was the extent to which

www.hud.gov/washington.html

EXHIBIT

C

the Idaho AIDS Foundation was required to provide to IHFA or HUD detailed medical and related records of their clients in conjunction with the monitoring of the grant. Recently, this issue has been expanded to include concerns about the entry of disability status or other medical information from the HOPWA or other grant programs into the HMIS program under the Continuum of Care through the ServicePoint program. In that connection, Ms. Julie Williams, Vice President of Community Housing Resources, has requested clarification of the statutory and regulatory authority for the HMIS program, and the data that should be contained therein, from Mike Roanhouse, HMIS Project Coordinator in the Office of Community Planning and Development.

IHFA has a responsibility to monitor its subgrantees' performance under the grant. As has been pointed out, in the course of monitoring, both HUD and the IHFA have the right to "any books, documents, papers, or other records of recipients that are pertinent to the awards in order to make audits, examinations, excerpts, transcripts and copies of such documents." 24 CFR § 84.53. HUD's regulations implementing the Privacy Act Of 1974 state that it will "maintain only such information on individuals as is relevant and necessary to the performance of its lawful functions...and to take every reasonable step to protect that information from unwarranted disclosure. 24 CFR § 16.1 (b).

Resolution of the question of whether information is "pertinent to the awards" or "relevant and necessary" is a program matter. In this instance, we understand that the HUD Director of Community Planning and Development in Portland, by letter of January 25, 2002, concluded that it was "imperative that original source documents be reviewed by this office and its representatives in order to determine that clients meet eligibility requirements and that accounting records are supported by source documentation as required under 24 CFR 84.21 (a)(7). " This position has been reiterated both by Mr. Carlson and by Mr. David Voss, Director of HIV/AIDS Housing in HUD's Headquarters in a letter of March 28, 2002. We assume that Mr. Roanhouse or another official with the Office of Community Planning and Development will supply a response to Ms. Williams on this matter.

The Fair Housing Act prohibits housing providers from discriminating against persons with disabilities in the terms and conditions of their housing. The regulation implementing the Act, at 24 CFR § 100.202 (c), states in relevant part:

> "It shall be unlawful to make an inquiry to determine whether an applicant for a dwelling, a person intending to reside in that dwelling after it is so sold, rented or made available, or any person associated with that person, has a handicap or to make inquiry as to the nature or severity of a handicap of such a person."

The regulation contains exceptions to this provision, including exceptions related to qualifications of disabled persons for disabled only housing or priority for housing to disabled persons. These provisions do not address the collection of information by a grantee or subgrantee about a person's disability for the purpose of grant monitoring. We are unaware of any case authority or administrative determinations that have found that collection of information for monitoring purposes is a violation of the Fair Housing Act.

A specific concern raised in your letter was the language of a release form developed in conjunction with your administration of the HOPWA program, forms AHS-01 (A) and AHS-02 (A), which applied to applications for supportive services, not housing vouchers. We have been informed that the concept of using a release was originally proposed as a way to avoid the privacy and fair housing concerns of the Idaho AIDS Foundation in responding to information requests during monitoring by IHFA and HUD. The form contained the following language:

> "It is necessary to verify the eligibility of persons who receive services allowable under this program. It is also necessary to verify the eligibility of services being provided to eligible clients under this program. It may also be necessary to audit case files in order to observe source documentation verifying both client eligibility and the eligibility of services. This Release authorizes (the service provider) to release all information regarding HOPWA Supportive Services provided to me to IHFA and HUD. The released information may include, but is not limited to case management notes, billing statements, and notes from third-party mental health providers and dental providers that are maintained at the offices of the service provider listed below. This release will also allow IHFA and HUD access to my file in the course of regular on-site monitoring visits. I also understand that IHFA is obligated to maintain complete confidentiality of all information revealed in the files."

The IFHC has raised concerns, apparently based on contacts they have received from potential applicants for HOPWA housing and services, that the broad language of this release may discourage such applicants. Again, the decision whether the kinds of documents listed in this release are "pertinent to the awards" and "relevant and necessary" is essentially a program decision. The language of the Fair Housing Act and the implementing regulation do not address the anticipated uses of this information for monitoring purposes.

However, the type of information covered by this release is quite intrusive into private medical records, and it is not apparent to a lay person why many of the listed records would be necessary for determining either eligibility or grant monitoring. A potential program applicant who reads this Release may not comprehend the very limited use to which this medical information will be put, nor the level of confidentiality with which the information will be treated. As a result, the potential program applicant may be deterred from applying for the program services and the housing that may accompany those services.

To the extent that the Release is used only for persons with disabilities or persons who are served under the HOPWA program, and discourages them from applying for housing and related services, it may be perceived as discriminatory. Additionally, if eligibility or income verification procedures for other programs that serve non-disabled persons do not ask for information that is as intrusive as the information contained in this Release (e.g., case management notes to support a medical expense claimed by a public housing resident during

recertification or source documents verifying the age of an applicant for senior housing), an argument can be made that the IFHA is discriminating against persons with disabilities.

I hope that this information is helpful to you. If you have any further questions about this or other issues, please let me know.

Sincerely,

Judith A. Keeler
Hub Director

cc: Ken Nagy