Philip Gordon
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile:  (208) 345-0050
Email: pgordon@gordonlawoffices.com

John P. Relman, Pro Hac Vice
D. Scott Chang, Pro Hac Vice
Myrna Pérez, Pro Hac Vice
RELMAN & ASSOCIATES
1225 19th Street, NW
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile:  (202) 728-0848
Email: jrelman@relmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO AIDS FOUNDATION, INC., ) <br> ) <br> ) <br> Plaintiff,  ) <br> ) <br> ) <br> vs.  ) <br> ) <br> ) <br> ) <br> IDAHO HOUSING & FINANCE ) <br> ASSOCIATION, ET AL.,  ) <br> ) <br> Defendants.  ) <br> _____ ) | Case No. CV-04-155-S-BLW <br><br> PLAINTIFF IDAHO AIDS FOUNDATION'S OPPOSITION TO HUD'S MOTION TO DISMISS FOR MOOTNESS |

I.  INTRODUCTION

   This Court has already held that the United States Department of Housing and Urban

Development ("HUD") should be joined as a necessary party pursuant to Rule 19 of the Federal

Rules of Civil Procedure ("FRCP").  The Court found that HUD "indisputably demanded full access to [Plaintiff's] files by September of 2001 and has continued to do so ever since." (Memo. Decision and Order at 30 (Docket Number 50).)  The Court concluded that HUD's demand for unfettered access made it a necessary party because HUD had a legally protected interest, such that the disposition of the action would leave defendant Idaho Housing and Finance Association ("IHFA") at risk of incurring inconsistent obligations.  (*Id* at 31.)

In its Motion to Dismiss, HUD contends that a stipulation that it will not penalize IHFA for complying with any order of this court by reducing, cutting off or otherwise affecting IHFA's eligibility for HOPWA grants eliminates any risk that IHFA will incur inconsistent obligation. HUD's mere stipulation that it will not penalize IHFA for complying with an order of this Court by reducing or cutting off IHFA's grant is insufficient to render it an unnecessary party.  IHFA will still be subject to inconsistent obligations unless HUD is joined as a party.  HUD interpreted its own statutory and regulatory provisions as requiring IHFA to have full access to plaintiff Idaho Aids Foundation's ("IAF") client files.  HUD's stipulation does not state that it has changed its interpretation of these statutes and regulations. Nor does the stipulation promise that HUD will not continue to order IHFA to seek unfettered access to client files.  Even if IHFA was not faced with inconsistent obligations, HUD is a necessary party because plaintiff IAF cannot obtain complete injunctive relief without HUD as a party.[1]

---

[1] HUD contemporaneously also filed a Motion to Stay all Proceedings pending this Court's ruling on the before-mentioned Motion to Dismiss.  Plaintiff IAF does not object to staying all proceedings until this Court rules on HUD's Motion to Dismiss For Mootness.

Plaintiff IAF's Response to HUD's Motion to Dismiss p. 2

II.  RELEVANT FACTUAL BACKGROUND

On July 2, 2004, defendant IHFA moved to join Alphonso Jackson in his capacity as the Secretary of HUD.  At the time, IAF opposed the motion because the available evidence suggested that IHFA was acting on its own in requiring full access to all beneficiary files to conduct random spot checks on eligibility during the auditing process.  On August 18, 2004, this Court denied IHFA's motion to join HUD "solely because IHFA had not established that HUD did in fact order unfettered access." (Order at 31.)  After the close of discovery, at oral argument on the cross-motions for summary judgment, IHFA again raised the issue of joinder.  This time, IHFA had ample evidence that HUD required that it and its HOPWA grantees, in this case IHFA, have unfettered access to client files, including the complete source files and names of clients.  On January 11, 2006, this Court, *sua sponte,* revisited its order rejecting IHFA's Motion to Join HUD, and ordered that HUD be joined as necessary party under Rule 19(a)(2)(ii) of the Federal Rules of Civil Procedure.  The Court determined that "[w]ithout a binding judgment against HUD, IHFA will be forced to either comply with the court's order or ignore HUD's orders."  (Order at 31-2.)

III.  ARGUMENT

A.  HUD'S STIPULATION DOES NOT RENDER IT AN UNNECESSARY PARTY

The stipulation submitted by HUD does not eliminate the risk that IHFA will incur inconsistent obligations and render HUD an unnecessary party under Rule 19(a) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating

>to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 19(a) essentially requires that courts utilize a two-pronged analysis to determine whether a non-party is necessary. The first prong requires a determination as to whether "complete relief" is possible among those parties already in the suit. *Dawavendewa v. Salt River Project Agric. Imp. and Power Distrib.*, 276 F.3d 1150, 1155 (9th Cir. 2002). The second prong considers whether a non-party has a "legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose [parties] to the risk of multiple or inconsistent obligations by reason of that interest." *Id.* at 1155. The presence of the non-party is deemed necessary if either of the two prongs is satisfied. *Id.*

The Ninth Circuit has consistently held that the risk that an existing party will be subjected to inconsistent obligations justifies joinder of a non-party. *Id*. at 1157-58. In *Dawavendewa,* the plaintiff sued a power district for employing a hiring preference for members of the Navajo Nation in violation of Title VII. 276 F.3d at 1153. The defendant power district's lease with the Navajo Nation required it to hire Navajos on a preferential basis. *Id.*

The Ninth Circuit held that the power company faced a substantial risk of incurring multiple or inconsistent obligations and joined the Navajo Nation as a party. *Id.* at 1157. The Court explained that the plaintiff sought injunctive relief to ensure his employment at the defendant power company and to prevent the power company from employing the Navajo hiring preference required by the lease. *Id.* at 1155. In the absence of the Navajo Nation as a party, however, the Nation would not be bound by any injunction and could continue to attempt to enforce its rights under the lease requiring the hiring preference. *Id.* at 1158. The Ninth Circuit

Plaintiff IAF's Response to HUD's Motion to Dismiss p. 4

concluded that this scenario left the power district faced with "intractable, mutually exclusive alternatives" and subjected it to "the substantial risk of facing multiple, inconsistent obligations." *Id.*

In this case, nothing in the stipulation eliminates the risk that IFHA will be faced with inconsistent obligations.  This Court held that HUD should be joined as a party under the second prong of Rule 19(a) because IFHA could be faced with inconsistent obligations.  The Court determined that "[w]ithout a binding judgment against HUD, IHFA will be forced to either comply with the court's order or ignore HUD's orders."  (Order at 31-2.)

HUD argues in its Motion to Dismiss that the stipulation will eliminate the risk that IHFA will face inconsistent obligations.  HUD's argument is without merit.  IAF seeks injunctive relief to ensure that IHFA not demand unfettered access to its client files.  If HUD is not joined as a party, HUD could continue to insist that IHFA obtain full access to IAF's client files.  HUD's contract with IHFA required that IHFA require that each grantee such as IAF agree comply with applicable statutes and regulations.  IHFA's contract with IAF incorporated the statutes and regulation into the contract.  HUD interpreted the statutes and regulations to require IHFA to have full access to IAF's client files.  Nothing in the stipulation suggests that HUD has changed its interpretation of the applicable statute or regulations.  Nor does anything in the stipulation suggest that HUD will not require that IHFA have unfettered access to IAF files in the future.     HUD's stipulation states only that it will not reduce, cut-off or otherwise adversely affect IHFA's eligibility for HOPWA grants due to IHFA's compliance with court orders.  There continues to be a substantial risk that IHFA will be forced to either comply with a court order preventing IHFA from obtaining unfettered access to client files or HUD's orders requiring such access.  Joinder continues to be appropriate under the second prong of Rule 19(a)

because IHFA faces inconsistent obligations absent joinder.

      B.      HUD IS A NECESSARY PARTY SO THAT IAF IS ABLE TO OBTAIN COMPLETE RELIEF

Even if IFHA were not faced with multiple, consistent obligations, HUD should be joined because IAF cannot obtain complete relief in its absence. The primary purpose of the first prong of Rule 19(a) is to assure that any judgment rendered will provide complete relief to the parties and prevent repeated lawsuits over the same subject matter. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Non-parties are not bound by a judgment. "Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subject to the jurisdiction of the court and bound by a judgment or decree." *Kourtis v. Cameron,* 419 F.3d 989, 999 (9th Cir. 2005) *(citing Martin v. Wilks*, 490 U.S. 755, 765 (1989)). Under the first prong of Rule 19, the effect of the action upon an absent party is generally immaterial. *Janney v. Montgomery Scott, Inc*., 11 F.3d 399, 405 (3d Cir. 1993).

Joinder of a non-party is appropriate where the plaintiff seeks injunctive relief but the actions of the non-party could threaten the effectiveness of the injunctive relief absent joinder. *See EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 780 (9th Cir. 2005)*; Dawavendewa*, 276 F.3d at 1155. In *Peabody Western Coal Co.*, the Equal Employment Opportunity Commission filed a complaint under Title VII alleging that a coal company engaged in discrimination on the basis of national origin by giving hiring preferences to members of the Navajo tribe. The coal company signed a lease with the Navajo Nation allowing it to mine on the Navajo Nation reservation. *Id.* at 776. A provision of the lease required that the coal company give hiring preference to members of the Navajo Nation. *Id.*

Plaintiff IAF's Response to HUD's Motion to Dismiss p. 6

The Ninth Circuit held that the Navajo Nation was a necessary party to the action brought by the EEOC against the coal company, reasoning that, if the EEOC were victorious but the Navajo Nation had not been joined, the Nation could initiate further action to enforce the employment preference against the coal company even though the preference would have been held illegal.  *Id.* at 780.

In *Dawavendewa*, the Ninth Circuit similarly held that the joinder of the Navajo Nation was necessary for the plaintiff to obtain complete relief.  *Id.* at 1155.  As discussed above, although an injunction could compel the power company in *Dawavendewa* to stop its hiring preference and hire the plaintiff, an injunction would not bind the Navajo Nation, which could continue to attempt to enforce its rights under the lease requiring the hiring preference.  *Id.*

In this case, HUD must be a party for IAF to obtain complete injunctive relief.  If HUD is not joined as a party, HUD could continue to insist that IHFA obtain unfettered access to IAF's client files in the future.  HUD's stipulation does nothing to require it to refrain from requiring unfettered access to IAF's client files.  Nor does the stipulation state that HUD has changed its statutory and regulatory interpretation requiring full access.  HUD's stipulation only states that it will not reduce, cut-off or otherwise adversely affect IHFA's eligibility for HOPWA grants due to IHFA's compliance with court orders.  Any injunctive relief restricting IHFA from requiring unfettered access could be undermined by HUD continuing to require full access to IAF's client files consistent with its interpretation of the applicable statute and regulations.

Furthermore, absent HUD's participation in this action, multiple lawsuits may result over HUD's requirement that grantees obtain unfettered access to HOPWA client files.  It is likely that HUD applied its requirement that HOPWA grantees obtain unfettered access to client files to other organizations similar to IAF.  As the Advisory Committee Notes state, "the interests that

are being furthered [by Rule 19] are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Fed.R.Civ.P. 19 advisory committee's note. If HUD is joined in this action, HUD would be bound by any judgment finding that unfettered access to HOPWA client files is illegal and presumably would discontinue its audit requirements not just against IAF but also similar grantees. If HUD is not joined in this action, a judgment holding that HUD's auditing requirements requiring full access are illegal would have no preclusive effect on HUD and other organizations similar to IAF would be forced to bring actions similar to this one to prevent full access to confidential client files. Joinder of HUD is appropriate on the independent ground that HUD is a necessary party for IAF to obtain complete relief.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff IAF respectfully requests that HUD's Motion to Dismiss for Mootness be denied.

/s/
_____

John P. Relman, Pro Hac Vice
D. Scott Chang, Pro Hac Vice
Myrna Pérez, Pro Hac Vice
RELMAN & ASSOCIATES
1225 19th Street, NW
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
Email: schang@relmanlaw.com

Philip H. Gordon
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83702
Telephone: (208) 880-7100
Facsimile: (208) 345-0050
Email: Pgordon@gordonlawoffices.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

      I certify that on April 24, 2006, Plaintiff's Response to Defendant HUD's Motion to Dismiss was filed electronically. Notice of this filing will be sent to all other counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     /s/

John P. Relman, Pro Hac Vice
D. Scott Chang, Pro Hac Vice
Myrna Pérez, Pro Hac Vice
RELMAN & ASSOCIATES
1225 19th Street, NW
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: 728-0848
Email: schang@relmanlaw.com

Philip H. Gordon
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile:  (208) 345-0050
Email: pgordon@gordonlawoffices.com

*Attorneys for Plaintiffs*