IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO AIDS FOUNDATION, INC.,) | |
| ) | Case No. CV-04-155-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| IDAHO HOUSING & FINANCE ) | |
| ASSOCIATION, ) | |
| GERALD M. HUNTER, JULIE H. ) | |
| WILLIAMS, EARL COOK, and ) | |
| UNITED STATES DEPARTMENT ) | |
| OF HOUSING AND URBAN ) | |
| DEVELOPMENT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendant United States Department of Housing and Urban Development's Motion to Dismiss for Mootness (Docket No. 63). The Court heard oral argument on June 15, 2006.  The Court will grant the motion for the reasons expressed below.  The Court also has before it Idaho Aids Foundation, Inc.'s Motion for Reconsideration (Docket No. 52) and Idaho Housing and Finance Association's Motion for Reconsideration (Docket No. 57).  The Court will deny those motions.

**Memorandum Decision and Order - 1**

## BACKGROUND

On March 26, 2004, Idaho Aids Foundation, Inc. ("IAF") filed suit against Idaho Housing and Finance Association ("IHFA").  Pursuant to the Housing Opportunities for People with AIDS Program ("HOPWA"), the Department of Housing and Urban Development distributes funds to state instrumentalies like IHFA to provide housing assistance and support services to people infected with HIV and their families.  In October 2000, IHFA contracted with IAF, a project grantee, to provide rental assistance and support service to people infected with HIV.  The contract was renewed in July 2001.  For services rendered after October 4, 2001, IHFA required that IAF clients grant IHFA releases of their confidential information in order for IAF to receive reimbursement.  IHFA stated that HUD required the confidential information for auditing purposes.  IAF claimed violations of the Fair Housing Act, the Rehabilitation Act of 1973, HOPWA Statutes and Regulations, the constitutional right to privacy, due process rights, and breach of contract.  IAF sought injunctive relief and monetary damages.

This Court denied the July 2, 2004 motion to join HUD as a party under Federal Rules of Civil Procedure 19 and 21 because at that time it was "mere speculation" that IHFA would be faced with inconsistent obligations if IAF succeeded in the litigation.  However, on January 11, 2006 this Court granted IAF

**Memorandum Decision and Order – Page 2**

Summary Judgment on its claim for violation of the constitutional right to privacy and breach of contract claims, but did not decide the issue of remedies.  In the January 11 Order, the Court also found that HUD "indisputably demanded full access" to the files containing confidential patient records.  Therefore, the Court joined HUD as a necessary party.  The Court reasoned that if HUD was not joined, IHFA would be in the position of either disregarding the ruling in this case and continuing to demand confidential patient records or losing its HOPWA funding because it disregarded HUD's orders to demand those files.

In response to the joinder HUD filed this Motion to Dismiss for Mootness accompanied by a stipulation.  The stipulation stated that HUD would not "reduce, cut off, or otherwise adversely affect" IHFA's eligibility for HOPWA funds because IHFA complied with a court order in this case.

## ANALYSIS

### I.      Motion to Dismiss

HUD was joined as a necessary party under Fed. R. Civ. P. 19(a)(2)(ii), because the Court believed that without HUD as a party to the litigation IHFA would face inconsistent obligations.  HUD claims that it should now be dismissed from this litigation because the proffered stipulation moots the case against HUD.

### A.      HUD's Stipulation

Memorandum Decision and Order – Page 3

The Court will enforce stipulations because "[they] serve both judicial economy and the convenience of the parties." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). Stipulations may be voided if there are indications of "involuntary or uninformed consent." *Id*. Unlike the bilateral stipulation at issue in *CDN Inc.,* the stipulation in this case was made unilaterally by HUD. Both in its briefs and in its arguments to the Court, HUD expressed that it knew full well the effect of the stipulation to which it had consented and gave no indication that the stipulation was anything but voluntary. Furthermore, neither IAF nor IHFA evinced disagreement with the terms of the amended stipulation. Accordingly, this Court finds that all parties have accepted the terms of the stipulation; it now has the effect of a negotiated bilateral stipulation.

### B.     Mootness

A case is moot if the parties do not have a "legally cognizable interest in the outcome." *Herman v. Tidewater Pacific*, 160 F.3d 1239, 1246 (9th Cir. 1998); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) (holding that a case is moot when no live issues remain in which the parties have a cognizable interest). A defendant can moot a case through its voluntary conduct if "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental*

**Memorandum Decision and Order – Page 4**

*Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (cited with approval by *Idaho Rural Council v. Bosma*, 143 F. Supp.2d 1169, 1177 (D. Idaho 2001)).  The defendant has the burden of proving that their actions mooted the case.  *Id*.

In this case, HUD was joined as a necessary party under Federal Rule of Civil Procedure 19(a)(2)(ii) in order to protect IHFA from inconsistent obligations; the stipulation moots the need for joinder.  The HUD stipulation clearly states that it will not force IHFA to choose between HUD directives and the Court's rulings in this litigation.

Although courts have held HUD to be an indispensable party in similar cases, those cases are distinguishable because they dealt with HUD's interpretation of its regulations rather than adherence to the Constitution.  In *Boles v. Greeneville Hous.  Auth.*, the Sixth Circuit held that HUD was an indispensable party because the appellants alleged that Greeneville's Urban Renewal Project violated HUD guidelines.  Any decision as to Greenville's liability would have necessarily involved HUD's interpretation of its regulations, and not the constitutionality of HUD's actions.  *Boles v. Greeneville Hous.  Auth.*, 468 F.2d 476, 479 (6th Cir. 1972); *see also Gardner v. Nashville Hous.  Auth.*, 468 F.2d 480, 480 (6th Cir. 1972) (Decided the same day as *Greenville* and resolving the same issue.).  In this case, the Court resolved the motion for summary judgment on constitutional, not

**Memorandum Decision and Order – Page 5**

regulatory grounds, (Docket No. 50), and therefore these cases appear not to apply to the situation presented here.

Although the facts of *McQuilken v. A&R Dev. Corp.* more closely resemble the instant facts, *McQuilken* is nonetheless distinguishable.  In *McQuilken*, HUD was held to be a necessary party because HUD may have been liable for the cost of any judgment against the defendant.  *McQuilken v. A&R Dev. Corp.*, 510 F.Supp. 797, 802 (E.D. Pa. 1981); *see also Lopez v. Arraras*, 606 F.2d. 347, 352-54 (1st Cir. 1979) (The court joined HUD as a necessary party and remanded.  HUD was held to be necessary because there was a possibility of HUD or Congress reimbursing the defendant through future payments.).  HUD's potential liability, and therefore its protectable interest, was apparent in the contract with PHA.  HUD paid PHA for costs associated with the project, and PHA then paid A&R for its costs.  If the costs of the claims against A&R were classed as costs associated with the project then HUD could have ultimately been liable for them.  *Id.*

In this case HUD's potential vicarious liability to IHFA is not established in something as apparent as the contract clause in *McQuilken*.  Thus far, the only claims for damages are IAF's claims against IHFA; there is no claim before the Court that HUD has any liability to any party in this litigation.  HUD simply does not have a protectable interest in the application or interpretation of its regulations

**Memorandum Decision and Order – Page 6**

in this case; because compliance with the Court's order requires adherence to the Constitution rather than adherence to a judicial interpretation of HUD's regulations.

Finally, the Court's summary judgment ruling reserved the issue of remedies, but this does not create a live claim against HUD. The Court's ruling that it did not resolve the question of remedies went no further than to state that there was a material question of fact regarding remedies between IAF and IHFA. In the absence of a claim or complaint filed against HUD, the Court will not speculate as to whether a claim can or will be filed against HUD. Mere speculation that the parties have an interest or claim against HUD does not rise to the level of a live interest in which the parties have a cognizable interest. *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also American Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "a claim is moot if it has lost its character as a present live controversy."). HUD's present position in the litigation is that of stasis; the reason for joinder has passed and no new claims have been asserted. The Court will not require HUD to maintain this stasis in the expectation that either IAF or IHFA may decide to file a claim against it. Certainly this ruling, while not encouraging the filing of such a claim, does nothing to prevent it.

**Memorandum Decision and Order – Page 7**

## II.      Motions to Reconsider

Both IAF and IHFA filed motions to reconsider the Court's summary

judgment ruling.  In order to succeed on a motion to reconsider a party must meet

at least one of three tests: 1) the Court "is presented with newly discovered

evidence;" 2) the Court "committed clear error or the decision was manifestly

unjust," or; 3) "there is an intervening change in controlling law."  *School Dist. No.*

*1J v. Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Neither party argues that there was an intervening change in controlling law or that

the Court is presented with newly discovered evidence.  Therefore, their respective

motions to reconsider must show that the Court committed clear error or that the

decision was manifestly unjust.  The Supreme Court has held that "a finding is

'clearly erroneous' when although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed."  *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

IAF fails to show that the Court committed clear error in denying the motion

for summary judgment on both the Fair Housing Act claim and the disparate

impact claim.  Specifically, IAF argues that the Court misapplied the *McDonnel*

*Douglas* burden shifting analysis to both claims.  Simply responding to the Court's

**Memorandum Decision and Order – Page 8**

summary judgment ruling by re-arguing summary judgment does not establish clear error.   IAF's motion to reconsider is denied.

IHFA falls into the same trap as IAF, in that IHFA also attempts to re-argue the motion for summary judgment rather than pointing to an instance of clear error by the Court.  IHFA argues that its policies do not violate the constitutional right to privacy, that it did not breach its contract with IAF and that the Plaintiff's disparate impact claim and Rehabilitation Act claim should be dismissed.  This is just a re-packaging of the arguments made during the summary judgment hearing.  The Court will not use the motion to reconsider as a vehicle for rehearing a motion for summary judgment.  Since IHFA has not satisfied any of the grounds for reconsideration stated by the Ninth Circuit in *School Dist. No. 1J v. Multnomah County*, the motion to reconsider will be denied.[1]

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Dismiss (Docket No. 63) filed by Defendant HUD, is hereby GRANTED.

IT IS FURTHER ORDERED, that the Motion to Reconsider (Docket No.

---

[1] Additionally, the Court will not consider the Second Affidavit of Julie H. Williams (Docket No. 57) as it is not newly discovered evidence.

52) filed by Plaintiff IAF, is hereby DENIED.

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to

Reconsider (Docket No. 57), filed by Defendant IHFA, is hereby DENIED.

Additionally, the Stipulation filed June 15, 2006 (Docket No. 86) is hereby

ACCEPTED AND APPROVED.



DATED:  **July 11, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 10**