UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO AIDS FOUNDATION<br><br>Plaintiff,<br><br>v.<br><br>IDAHO HOUSING & FINANCE ASSOCIATION, an independent public body corporate and politic, GERALD M. HUNTER, JULIE H. WILLIAMS, and EARL COOK, in their individual capacities,<br><br>and<br><br>ALPHONSO JACKSON, in his official capacity as Secretary of the United States Department of Housing and Urban Development,<br><br>and<br><br>DOUGLAS P. CARLSON, JAN S. OLSON, and DAVID VOS in their individual capacities,<br><br>Defendants. | Civil Action No. CV-04-155-S-BLW<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Idaho AIDS Foundation, and for cause of action against the Defendants, states and alleges as follows:

PRELIMINARY STATEMENT

1. The Plaintiff, Idaho AIDS Foundation, Inc. (hereinafter IAF), seeks compensatory and punitive damages and declaratory and injunctive relief against the Idaho Housing and Finance Association (hereinafter IHFA), Gerald M. Hunter, Julie H.

First Amended Complaint and Demand for Jury Trial – Page 1

Williams, and Earl Cook (hereinafter IHFA), to redress, under color of state law, violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations, 24 C.F.R. Part 100, *et seq.*; Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 706(8)(B) and § 794; the Housing Opportunities for People with AIDS Act (hereinafter HOPWA), 42 U.S.C. § 12901, *et seq.*, and its implementing federal regulations, 24 C.F.R. Part 574; the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and its contractual rights, and against Alphonso Jackson in his official capacity as Secretary of the United States Department of Housing and Urban Development, and Douglas P. Carlson, Jan S. Olson, and David Vos in their individual capacities (collectively, "HUD"), to redress violations of the Fourth Amendment to the United States Constitution and the Fair Housing Act and its implementing regulations. The Plaintiff seeks redress for the Defendants' discriminatory practices and policies for the violations of civil rights protected by the United States Constitution and federal statutes and regulations. The Plaintiff seeks equitable relief to ensure the Defendants' compliance with the Fair Housing Act, Section 504 of the Rehabilitation Act, the HOPWA Act and regulations, the constitutional right of privacy, the Fourth Amendment, and regulations and the terms of the contract which provide for the provision of services to persons diagnosed with AIDS and their families to meet their need for housing and supportive services. Injunctive and declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(3) and (4) to hear actions to vindicate violations of the constitutional and federally protected civil rights of the Plaintiff. 28 U.S.C. § 2201.

3. This Court also has jurisdiction over the state law claims asserted herein pursuant to its Supplemental Jurisdiction powers authorized by 28 U.S.C. § 1367.

4. This action is properly brought in this District under 28 U.S.C. § 1391(b) & (e) in that it is in this District in which three of the Defendants reside, the Plaintiff's claims arose, and the Plaintiff resides.

## PARTIES

5. Plaintiff IAF is a nonprofit Idaho corporation whose purpose is to provide case management, medical, mental health and housing assistance and supportive services to meet the needs of persons diagnosed with acquired immunodeficiency syndrome (hereinafter AIDS) and their families under the HOPWA Act and regulations. IAF contracted with the IHFA to provide housing assistance and supportive services to persons and their families under the HOPWA Act and regulations.

6. Defendant IHFA was created pursuant to IDAHO CODE §§ 67-6201, *et seq.*, as an independent public body corporate and politic. IHFA is the state grantee for HOPWA and receives the funds made available to the United States Department of Housing and Urban Development to the state of Idaho to provide housing assistance and supportive services to persons diagnosed with AIDS and their families.

First Amended Complaint and Demand for Jury Trial – Page 3

7. Defendant Gerald M. Hunter is, or at times relevant to this action was, the President and Executive Director of IHFA.

8. Defendant Julie H. Williams is, or at times relevant to this action was, the Vice President of Community Housing Services for the IHFA.

9. Defendant Earl Cook is, or at times relevant to this action was, the Grants Programs Manager for the IHFA.

10. Defendant Alphonso Jackson is the Secretary of the United States Department of Housing and Urban Development.

11. Defendant Douglas P. Carlson is, or at times relevant to this action was, a Field Director in the Community Planning and Development Division of the United States Department of Housing and Urban Development.

12. Defendant Jan S. Olson is, or at times relevant to this action was, a Financial Analyst in the Office of Community Planning and Development of the United States Department of Housing and Urban Development.

13. Defendant David Vos is, or at times relevant to this action was, the Director of the Office of HIV/AIDS Housing of the Office of Community Planning and Development of the United States Department of Housing and Urban Development.

## STATUTORY AND REGULATORY ALLEGATIONS

14. In 1990, Congress created the Housing Opportunities For Persons with AIDS Act (HOPWA) to provide states and localities with the resources and incentives to devise long-term comprehensive strategies for meeting the housing and supportive service needs of persons with AIDS and the families of such persons. 42 U.S.C. § 12901.

15. The Secretary of Housing and Urban Development has promulgated federal regulations for administering the HOPWA grants. 24 C.F.R. Part 574.

16. HOPWA funds are distributed by the Secretary of Housing and Urban Development to states or any agency or instrumentality thereof, such as the IHFA, that is established pursuant to legislation. 42 U.S.C. § 12902(9). These grantees contract with project sponsors including nonprofit organizations, such as the IAF, to carry out funded activities. 42 U.S.C. § 12903(b).

17. HOPWA provides federal assistance to provide or contract to provide counseling information, and referral services to assist HIV-infected low income persons to locate, acquire, finance, and maintain housing to meet their housing needs and to provide resource identification to identify, coordinate, and develop housing assistance resources. 42 U.S.C. § 12906(1) and (2).

18. HOPWA also provides funding for short term supported housing and rental assistance services and supportive services including health, mental health assessment, permanent housing placement, drug and alcohol treatment and counseling, day care, nutritional services, and technical assistance for accessing benefits and services to homeless persons. 42 U.S.C. § 12907 (1) and (2).

19. HOPWA grantees or project sponsors are required to provide each individual assisted under HOPWA with case management services. 42 U.S.C. § 12907(b)(6).

20. HOPWA grantees or project sponsors are required to provide rental assistance and other supportive services designed to prevent homelessness under 42 U.S.C. § 12908, 42 U.S.C. § 12904, and 24 C.F.R. 574.300.

First Amended Complaint and Demand for Jury Trial – Page 5

21. IHFA, as a grantee of HOPWA funds, has to ensure that IAF, as a "project sponsor agrees to ensure the confidentiality of the name of any individual assisted ... and any other information regarding individuals receiving assistance." 24 C.F.R. § 574.440 and 42 U.S.C. § 12905(e).

22. IHFA, as a grantee of HOPWA funds, has to agree to ensure that IAF, as a "project sponsor agrees, to maintain and make available to HUD for inspection financial records, sufficient in HUD's determination, to ensure proper accounting and disbursing of amounts received from a grantee under this part." 24 C.F.R. § 574.450

23. All persons receiving HOPWA benefits and services are protected against discriminatory practices and policies under the civil rights acts set forth in 24 C.F.R. Part 5 including, but not limited to, the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations at 24 C.F.R. Part 100, *et seq.*

24. IHFA applied for and received a grant of HOPWA funds from HUD in April 2000.

25. On November 9, 2000, IHFA entered into a twelve (12) month contract for $45,483.00 with IAF, effective July 1, 2000, with an option to renew for two (2) years. The contract provided for IAF to create a continuum of care by linking rental assistance with supportive services to more effectively assist low income persons and their families who have been diagnosed with AIDS and related diseases.

26. The contract provided that IAF would receive HOPWA funds for dental and psychiatric services and administrative costs.

27. On October 24, 2000, IHFA entered into a twelve (12) month contract for $62,010.00 with IAF, effective on July 1, 2000, with an option to renew for (2) years, to

provide case management, transportation, emergency assistance, housing information services, collection or information and referral data, and administrative costs.

28. In July 2001, IHFA renewed the two (2) contracts with IAF for twelve (12) months to provide the same services provided for in the previous contracts for $42,520 and $58,296 respectively.

29. The contracts' Award Terms provided that expenditures and payments would be made on a reimbursement basis in accordance with the contracts' Special Conditions.

30. Paragraph 13 of the Special Conditions section of both contracts provided that IAF would "provide information (excluding information categorized as confidential by law) for any national or state evaluation conducted by HUD or IHFA."

31. IAF submitted the appropriate financial and supportive documentation seeking reimbursement for HOPWA client services as required by the contracts. IHFA, for the first time, indicated that IAF should have clients sign a release, letting them know that HUD or IHFA will have access to their confidential documents and information.

32. IHFA and HUD required that IAF obtain releases to allow IHFA and HUD to have full, unrestricted access to client files for services provided to clients.

33. IAF has agreed to and has provided IHFA access to their financial records.

34. IAF has agreed to and has provided IHFA, upon request, reasonable access to client records which have been redacted to exclude the name of the client, but includes their AIDS diagnosis, income eligibility, and billing documentation showing visits, times and dates, and services rendered.

35. IAF agreed to provide the requested documentation and permitted review of redacted files for reimbursement of services provided to HOPWA clients, except for client documentation and information which was confidential under federal law.

36. On or about April 1, 2002, IAF received a letter from Defendant Williams, which stated that IHFA, as advised by HUD, would make no further payments to IAF for HOPWA benefits and services which could not be verified by reviewing confidential client information.

37. IHFA and HUD have required IAF to obtain a signed release of information from HOPWA applicants and their non-applicant families for housing and supportive services as a condition of eligibility for HOPWA benefits and services.

38. IHFA and HUD have required IAF to deny HOPWA benefits and services to all persons and families even when the applicant has an AIDS diagnosis and meets the other income and service eligibility requirements.

39. IHFA and HUD assert that IHFA, as the HOPWA grantee, is the duly authorized representative of HUD and is entitled to unrestricted access under federal regulations, including 24 C.F.R. § 84.21(a)(7), 24 C.F.R. § 84.53, and 24 C.F.R. § 85.40(a) to confidential documents and information to evaluate the needs of such persons, to prepare reports to the state and federal government, and allow IHFA and HUD access to their files for monitoring purposes. *See* Exhibits A and B attached and incorporated by reference.

40. IHFA and HUD have required IAF to obtain a release of information to allow IHFA and HUD access to confidential documents and information including, but not limited to case management, medical, psychological, and mental health services.

41. The type and nature of documentation and information which is covered by the release IHFA and HUD want IAF to obtain from their clients so IHFA can review and monitor the services provided is intrusive and is of an extremely private and personal nature.

42. The release that IHFA and HUD want clients to sign is not necessary to review and monitor IAF's grant activities or performance and is not required by federal regulations.

43. IHFA and HUD have not provided any assurance that the documentation and confidential information they seek to be disclosed would be protected from disclosure to unauthorized persons or would be otherwise kept safe and confidential or not used for other purposes.

44. The medical, psychological, and mental health records of persons diagnosed with AIDS is confidential.

45. Persons diagnosed with AIDS have a disability and are handicapped under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and its implementing regulations, 24 C.F.R. Part 100, *et seq.*; Section 504 of the Rehabilitation Act of 1983.

46. Persons diagnosed with AIDS and their families may suffer stigma and harm should their confidential case management, psychological, medical, and mental health records be disclosed or not protected from unauthorized disclosure.

47. Persons with AIDS and their families may be discouraged, deterred, or prevented from applying for HOPWA housing and supportive services if IHFA and HUD's release is a condition of eligibility.

48. IHFA and HUD do not require persons who are not disabled or handicapped to sign a release requiring disclosure of confidential documents and information including, but not limited to, case management, medical, psychological, and mental health records to be eligible for and to receive benefits and services provided by programs and services that IHFA administers or provides.

49. IHFA and HUD do not require other recipients of housing and supportive services grants it makes available to obtain releases for confidential documents and information concerning case management, medical, psychological, and mental health records requested for applicants of HOPWA benefits and services.

50. IHFA has no expertise in providing oversight of the level or intensity of medical care or case management provided by IAF and third party providers under the HOPWA contracts with IAF.

51. IHFA had previously been informed and given case law holding that requiring their release of confidential records as a condition of eligibility for HOPWA benefits and services would violate the Fair Housing Act and Section 504 of the Rehabilitation Act of 1983.

52. On May 15, 2002, Defendant Cook wrote a letter to Ms. Judith Keeler, Director, Office of Fair Housing and Equal Opportunity at the Seattle, Washington office of HUD, concerning the fair housing issues related to IHFA's administration of the HOPWA program in Idaho and their requirement of obtaining a release for confidential documents and information as a condition of eligibility to receive HOPWA benefits and services.

53. On July 26, 2002, Defendant Cook received a letter replying to his May 15, 2002 letter as part of their technical assistance to IHFA. *See* Exhibit C attached and incorporated by reference. Ms. Keeler wrote:

> To the extent that the Release is used only for persons with disabilities or persons who are served under the HOPWA program, and discourages them from applying for housing and related services, it may be perceived as discriminatory. Additionally, if eligibility or income verification procedures for other programs that serve non-disabled persons do not ask for information that is as intrusive as the information contained in this Release (e.g., case management notes to support a medical expense claimed by a public housing resident during recertification or source documents verifying the age of an applicant for senior housing), an argument can be made that the IHFA is discriminating against persons with disabilities.

54. As a result of IAF's refusal to request and obtain releases from their clients who would otherwise be eligible for HOPWA benefits and services, IHFA and HUD have withheld reimbursement for all services IAF has provided to them.

55. IHFA terminated IAF's contracts to provide HOPWA benefits and services June 24, 2002 without cause and prior notice and an opportunity to contest the termination.

56. As a result of HUD and IHFA's termination and non-renewal of IAF's contracts to provide HOPWA benefits and services, IAF could not provide short-term supported housing and housing assistance services to its clients with HIV or AIDS and housing was otherwise made unavailable or denied to them.

57. The Defendants' conduct described above was knowing, deliberate, intentional, willful, malicious, and taken in disregard for the legal rights of the Plaintiff protected under federal law.

First Amended Complaint and Demand for Jury Trial – Page 11

58. The Plaintiff has no adequate remedy at law for the irreparable harm for the past and continuing discriminatory conduct and loss as a result of the Defendants' unlawful actions.

## FIRST CLAIM FOR RELIEF
## FAIR HOUSING ACT

(IAF v. IHFA, Hunter, Williams, Cook, Secretary Jackson, Carlson, Olson, and Vos)

59. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 58, above.

60. Defendants, through their actions, have discriminated in the rental, or otherwise made unavailable or denied, dwellings to renters because of handicap, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. §§ 100.202(a) and 100.70(b).

61. Defendants, through their actions, have discriminated against persons in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(b).

62. Defendants, through their actions, have discriminated against persons with a handicap or persons associated with such persons, by making an inquiry into the nature and severity of a handicap of such persons in violation of 24 C.F.R. § 100.202(c).

63. Defendants, though their conduct, have unlawfully coerced, intimidated, threatened, or interfered with Plaintiff on account of having aided or encouraged other persons in the exercise or enjoyment of the rights granted or protected by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

## SECOND CLAIM FOR RELIEF

## SECTION 504 of the REHABILITATION ACT OF 1973

(IAF v. IHFA, Hunter, Williams, and Cook)

64. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 62, above.

65. IHFA is the recipient of federal aid within the meaning of 29 U.S.C. §794(b).

66. Defendants IHFA, Cook, Hunter, and Williams have discriminated against otherwise qualified individuals with disabilities by excluding them from participation in or denying them the benefits of a program or activity receiving federal financial assistance solely because of their disabilities.

## THIRD CLAIM FOR RELIEF

## HOPWA STATUTES AND REGULATIONS

(IAF v. IHFA, Hunter, Williams, and Cook)

67. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 65, above.

68. Defendants IHFA, Cook, Hunter, and Williams' policy and practice of requiring as a condition of eligibility for receiving HOPWA benefits and services and the reimbursement of such benefits and services, the signing of a release for the disclosure of confidential information violates 42 U.S.C. §§ 12901, *et seq.*, and 24 C.F.R. Part 574.

## FOURTH CLAIM FOR RELIEF

### PRIVACY

(IAF v. IHFA, Hunter, Williams, and Cook)

69. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 67, above.

70. Defendants have no proper governmental interest or justification in seeking or requiring the disclosure of confidential documents and information and personal matters, including, but not limited to, case management, medical, psychological, and mental health records, which outweighs the privacy interests involved.

71. Defendants IHFA, Cook, Hunter, and Williams' demands and requirements for the disclosure of confidential documents and information and personal matters violates the right to informational privacy protected by the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### DUE PROCESS

(IAF v. IHFA, Hunter, Williams, and Cook)

72. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 70, above.

73. IAF's contracts with IHFA cannot be terminated without their consent unless IAF materially failed to comply with the terms and conditions.

74. IAF, at all times, complied with the terms and conditions of the contracts with IHFA as required by federal law.

75. The Plaintiff's contracts with the IHFA were for employment services and to provide housing and supportive services to persons who are qualified for HOPWA benefits and services under federal law.

76. IHFA's termination of the IAF contracts to provide HOPWA programs and services to persons diagnosed with AIDS and their families without prior notice or an opportunity to be heard violates due process under the Fourteenth Amendment to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

(IAF v. IHFA, Hunter, Williams, and Cook)

77. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 75, above.

78. The conduct of the IHFA, the refusal to reimburse IAF for services provided under the contracts, and the termination of the contracts constitutes a breach of contract.

## SEVENTH CLAIM FOR RELIEF

## FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

(IAF v. Secretary Jackson, Carlson, Olson, and Vos)

79. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 77, above.

80. Defendants have no proper governmental interest or justification in seeking or requiring the disclosure of confidential documents and information and personal matters, including, but not limited to, case management, medical, psychological, and mental health records, which outweighs the privacy interests involved.

81. Defendants Jackson, Carlson, Olson, and Vos' demands and requirements for the disclosure of confidential documents and information and personal matters violates the right to be secure against unreasonable searches and seizures protected by the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for Judgment as follows:

1. Assume jurisdiction of this case.

2. That the Court declare that the Defendants' conduct discriminated against handicapped persons because of their disability in violation of the Fair Housing Act.

3. That the Court declare that Defendants IHFA, Cook, Hunter, and Williams' conduct discriminated against handicapped persons because of their disability in violation of § 504 of the Rehabilitation Act.

4. That the Court declare that Defendants IHFA, Cook, Hunter, and Williams violated the HOPWA statutes and regulations and the constitutional rights of privacy and due process under the Fifth and Fourteenth Amendments to the United States Constitution.

5. That the Court declare that Defendants IHFA, Cook, Hunter, and Williams breached their contracts with the Plaintiff.

6. That the Court declare that Defendants Jackson, Carlson, Olson, and Vos violated the Fourth Amendment to the United States Constitution.

7. That the Court issue an injunction preliminarily and permanently enjoining the Defendants from continuing to discriminate against handicapped persons because of their disability, including using a release to obtain confidential documents and information and

First Amended Complaint and Demand for Jury Trial – Page 16

directing the Defendants to implement court-approved policies and procedures designed to prevent such unlawful practices and violations of law in the future and training IHFA, HUD, and all staff in the requirements of the Fair Housing Act.

8. Compensatory and punitive damages to be proven at trial.

8. Plaintiff's costs and attorney's fees.

9. Such other and further relief as to the court appears just and equitable.

DATED this 29th day of August, 2006

Respectfully submitted,

/s/ D. Scott Chang
John P. Relman, Pro Hac Vice
D. Scott Chang, Pro Hac Vice
Myrna Pérez, Pro Hac Vice
RELMAN & ASSOCIATES PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
E-mail: schang@relmanlaw.com

Philip H. Gordon
GORDON LAW OFFICES
623 West Hays Street
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile: (208) 345-0050

*Attorneys for Plaintiff*